**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE PREARYER, | Civil Action No. 19-21385 (SRC) |
| Plaintiff, | |
| v. | OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Lawrence Prearyer ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

    In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning February 13, 2015. A hearing was held before ALJ Leonard F. Costa (the "ALJ") on April 27, 2018, and the ALJ issued an unfavorable decision on June 28, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of June 28, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain additional exertional and non-exertional limitations. At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with three arguments: 1) at step three, "The Administrative Law Judge failed to fully review the entire medical as required by the Listing 13.00 (F), (G), and (H)" (Pl.'s Br. 17); 2) "Judge Costa failed to comply with SSR 96-8p in assessing plaintiff's RFC because the ALJ's RFC assessment is simply conclusory and does not contain any rationale or reference to the supporting evidence, as required by SSR 96-8p" (Pl.'s Br. 20); and 3) at step five, the hypothetical did not contain all the impairments supported by the record.

Plaintiff's step three argument is not judicially cognizable and fails for lack of a basis in law. Plaintiff argues: "The Administrative Law Judge failed to fully review the entire medical as required by the Listing 13.00 (F), (G), and (H)." (Pl.'s Br. 17.) As to the requirements of these Listings, and the relevant law, this sentence is as specific as Plaintiff's argument gets. The text of these three subsections, 13.00 (F), (G), and (H), is lengthy and covers much diverse ground, generally related to the assessment of cancer. Section 13.00 of the Listings has within

2

its scope 29 types of cancers found throughout the human body.  Plaintiff does not identify what specific requirement within these subsections was violated, nor in what way.  Nor does Plaintiff identify a specific Listing that Plaintiff is asserted to meet and that the ALJ overlooked.  Instead, Plaintiff makes the vague assertion that the ALJ did not "fully review the entire medical."  How is this Court to rule on such a vaguely worded assertion?  What authority defines the standard for a full review of the entire medical?

      Moreover, Plaintiff's argument about the determination at step three suffers from two additional fatal defects: 1) it fails to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) it fails to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

      As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful."  Id. at 410.

      Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.  At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability.  In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.  It is not

enough to show the presence of an error. Pursuant to Shinseki, Plaintiff bears the burden of proving that he was harmed by this error. Plaintiff's brief, however, fails to recognize this. Instead of demonstrating that any alleged error was material and prejudicial, Plaintiff vaguely asserts that the ALJ erred, but does not explain how. At steps three and four, Plaintiff bears the burden of proof of disability; on appeal, Shinseki requires, additionally, that Plaintiff show that an error was harmful. None of Plaintiff's arguments are even directed to satisfying the requirements of Shinseki. Since Plaintiff, on appeal, must demonstrate that an error was harmful, but has failed to do so, the Court concludes that Plaintiff has not satisfied the requirements of Shinseki.

Furthermore, the Supreme Court has held: "For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to all the criteria for the one most similar listed impairment." Sullivan v. Zebley, 493 U.S. 521, 531 (1990). Plaintiff did not even attempt to demonstrate that the medical findings are equal in severity to all the criteria for any Listing.

As to step four, Plaintiff argues: "Judge Costa failed to comply with SSR 96-8p in assessing plaintiff's RFC because the ALJ's RFC assessment is simply conclusory and does not contain any rationale or reference to the supporting evidence, as required by SSR 96-8p." (Pl.'s Br. 20). SSR 96-8p is entitled, "ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS." It, too, covers a lot of ground, and, again, Plaintiff does not identify any particular statement or requirement in SSR 96-8p that the ALJ allegedly violated. Plaintiff does, however, argue that the ALJ's RFC assessment is conclusory, lacking any rationale or reference

4

to the supporting evidence. This assertion is not supported by the record. At step four, the ALJ presented four and one-half single-spaced pages of discussion and analysis, replete with references to specific evidence, including pin citations. (Tr. 27-31.) Plaintiff's contention has no basis.

In the reply brief, Plaintiff cites a case in support of the step four argument, Schaudeck v. Comm'r of SSA, 181 F.3d 429, 433 (3d Cir. 1999), which does not help his case. Indeed, as Plaintiff's reply brief contends, the Schaudeck Court reversed and remanded the case because it found that the ALJ had not properly considered the evidence of record: "Where competent evidence supports a claimant's claims, the ALJ must explicitly weigh the evidence." Id. at 435. What distinguishes Schaudeck is that, in that case, the Third Circuit had before it a complete argument that a specific oversight was material and prejudicial, including the evidence of the claimant's claims, the overlooked evidence, and so forth. There is no question that there are cases in which reviewing courts reverse the Commissioner's decisions because evidence has been overlooked. In the instant case, Plaintiff has presented only a vague and fragmentary argument in support of such an outcome.

Plaintiff also makes a number of very quick, short statements about other alleged errors. Plaintiff contends that the ALJ erred in finding both that Plaintiff can perform sedentary work and also that Plaintiff needs a sit/stand option. Yet, at step five, the vocational expert testified that jobs for such a person existed. Plaintiff also argues: "Judge Costa failed to include plaintiff's bilateral upper and lower extremities neuropathy and motor weakness," citing pages 546 through 554 in the record. (Pl.'s Br. 21.) In opposition, the Commissioner argues that the cited evidence demonstrates no functional limitations; Plaintiff's reply does not address the

5

Commissioner's opposition, which this Court construes as an abandonment of the point.

Plaintiff also argues, in one sentence, that the hypothetical at step five was incorrect and did not include all the functional limitations supported by the record. Plaintiff gives no other information about this argument, which is too fragmentary to be considered.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that Plaintiff was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                                                               s/ Stanley R. Chesler
                                                                                       STANLEY R. CHESLER, U.S.D.J.

Dated: December 31, 2020